UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE: DARRYL LAMAR ALLEN, ) ) Debtor, ) ) _____ ) ) DAVID A. SOSNE, Trustee for the Bankruptcy ) Estate of Darryl Lamar Allen, ) Chapter 7 Trustee, ) and ) DARRYL LAMAR ALLEN, an individual, ) ) Plaintiffs, ) ) v. ) ) CRITIQUE SERVICES, LLC, a Missouri ) Limited Liability Company, et al., ) | No. 4:17CV2216 RLW<br><br>Bankruptcy Case No. 15-45264-705<br><br>Adversary Case No. 16-04153 |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Withdraw the Reference (ECF No. 1), seeking an order withdrawing the reference of the contested matter from the bankruptcy court to the district court for a jury trial. Plaintiffs have filed a response in opposition, and Defendants filed a reply brief. The motion is therefore fully briefed and ready for disposition.

### I. Procedural History

Plaintiff Darryl Lamar Allen ("Debtor"), the debtor in the underlying bankruptcy action, filed for relief under Chapter 7 of the United States Bankruptcy Code on July 15, 2015. Plaintiff David A. Sosne ("Trustee") is the duly appointed Chapter 7 Trustee. On November 1, 2016, Plaintiffs filed an Adversary Complaint against Defendants Critique Services LLC, Beverly Holmes a/k/a Beverly Diltz ("Holmes-Diltz"), and Renee Mayweather ("Mayweather"), seeking damages related to Defendants' representation of the Debtor in the preparation and filing of his

bankruptcy petition. On March 10, 2017, Holmes-Diltz and Mayweather filed a response to the Complaint. On March 24, 2017, Holmes-Diltz filed an Amended Answer and a Third Party Complaint against Plaintiffs' counsel and firm ("Counsel"). In the answers and the Third Party Complaint, Holmes-Diltz and Mayweather requested a jury trial.

On June 5, 2017, Third Party Defendants filed a Joint Motion to Dismiss the Third Party Compliant by Holmes-Diltz, to which Holmes-Diltz responded on June 16, 2017. After a hearing on June 27, 2017, Kathy A. Surratt-States, Chief United States Bankruptcy Judge for the Eastern District of Missouri entered an order granting the Motion to Dismiss Third Party Complaint on August 8, 2017. Four days earlier, on August 4, 2017, Holmes-Diltz and Mayweather filed the instant Motion to Withdraw the Reference, seeking a jury trial before this Court.

## II. Discussion

"This Court's authority to withdraw the reference of a matter to the bankruptcy court stems from § 157(d)." *In re Balsam Corp.*, 185 B.R. 54, 56 (Bankr. E.D. Mo. 1995). Under 28 U.S.C. § 157(d),

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce

28 U.S.C. § 157(d). "A party in an adversary proceeding may waive its right to a jury trial by failing to timely demand a jury trial under Fed. R. Civ. P. 38." *In re Balsam Corp.* 185 B.R. at 58. However, under bankruptcy law, "[a] litigant may also waive its Seventh Amendment right to a jury trial by consenting explicitly or tacitly to the jurisdiction of the bankruptcy court." *Id.* (citations omitted). "In bankruptcy cases, due to the structure of the bankruptcy court, additional

2

steps are required to perfect the jury demand. The failure to complete these steps in the bankruptcy context ought to be construed in precisely the same fashion as the failure to file the requisite pleading contemplated by Rule 38 in an ordinary civil trial context." *In re Blackwell ex rel. Estate of I.G. Servs., Ltd.,* 279 B.R. 818, 820 (Bankr. W.D. Tex. 2002).

Under the Local Rules of the Bankruptcy Court for the Eastern District of Missouri, "[a] request to withdraw the reference of a case or proceeding, in whole or in part, other than a sua sponte request by the judge, shall be by motion. Absent leave of Court, a party filing a motion to withdraw the reference shall file the motion within 7 days of the filing of the related pleading or response." L.R. 5011(A). Further, the local rule provides, "[t]his Rule and the Local Rules of the United States District Court for the Eastern District of Missouri regarding motion practice and bankruptcy court matters shall govern the motion to withdraw the reference and all proceedings related thereto." L.R. 5011(C).

The Court finds that Plaintiffs failed to timely file the Motion to Withdraw the Reference, and therefore the motion will be denied. The record shows that the motion was filed on August 4, 2017, nearly 5 months after Holmes-Diltz and Mayweather filed their response to the Adversary Complaint. "A party may waive its right to a jury trial by failing to move timely to withdraw the reference." *In re HA-LO Indus., Inc.*, 326 B.R. 116, 123 (Bankr. N.D. Ill. 2005) (citation omitted). Here, Holmes-Diltz and Mayweather waived their right to a jury trial by failing to file the motion to withdraw the reference within the time period required by the Local Rules. While Holmes-Diltz and Mayweather contend that they timely sought a jury trial under Fed. R. Civ. P. 38 in their response filed on March 10, 2017, the Court reiterates that in bankruptcy proceedings, the additional step of filing a timely motion to withdraw the reference is required. "If neither party timely takes this additional step (the essential last step to assure that

3

one gets the jury they desire before the tribunal they prefer), then that failure can only be construed as a waiver of the party's right to a jury trial." *In re Blackwell*, 279 B.R. at 820. Because Holmes-Diltz and Mayweather did not file the present motion until nearly 5 months after they filed their original answer and have not offered any reasons justifying this delay, the Court denies the Motion to Withdraw the Reference. *See In re H & W Motor Express Co.*, 243 B.R. 208, 214 (Bankr. N.D. Iowa 2006) (denying motion to withdraw filed 5 months after the party filed its answer as untimely).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Withdraw the Reference (ECF No. 1) is **DENIED.**

Dated this 23rd day of October, 2017.

*[Signature]*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**